983 A.2d 180

IN THE MATTER OF DOMINICK SANCHEZ,
AN ATTORNEY AT LAW.

December 3, 2009.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–249, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(E), **DOMINICK SANCHEZ of PEMBROKE PINES, FLORIDA,** who was admitted to the bar of this State in 1999, should be censured based on discipline imposed in Florida for conduct that in New Jersey violates *RPC* 1.15(a) (failure to safekeep property), *RPC* 1.15(d) (failure to comply with recordkeeping requirements of *Rule* 1:21–6) and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Court having remanded the matter to the Office of Attorney Ethics for further investigation by Order filed February 26, 2009, and having considered the submissions of the parties following the remand;

And **DOMINICK SANCHEZ** having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a three-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct, and that respondent's reinstatement to practice in New Jersey should be conditioned on reinstatement in Florida;

And good cause appearing;

It is ORDERED that **DOMINICK SANCHEZ** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall not be reinstated to the practice of law in New Jersey until he is reinstated to practice in Florida; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.